UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 16 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 05-0149 (ESH) |
| ) | |
| KENNETH SWEET, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Defendant Kenneth Sweet was charged in a three-count indictment with unlawful possession with intent to distribute cocaine base, unlawful possession of a firearm by a person previously convicted of a felony, and possession of a firearm during a drug trafficking offense. Defendant went to trial after rejecting a plea offer that would have permitted him to avoid the five-year mandatory sentence provided for in 18 U.S.C. § 924(c)(1) and would have exposed him to a Guideline range of 37 to 46 months based on an offense level of 17. His first trial resulted in a mistrial after the jury announced it was deadlocked. A second trial, with different counsel, occurred on January 5, 2006, and defendant was convicted on all three counts. After he raised concerns about his trial counsel's effectiveness, this Court appointed a federal public defender to represent him on sentencing.

At sentencing on January 12, 2007, it was determined, and agreed to by both parties, that under the Guidelines, the base offense level was 22 because the quantity of crack cocaine was 3.6 grams and the criminal history calculation was IV. As a result, the Guideline range was 63 to 78 months, but due to the 18 U.S.C. § 922 (g)(1) conviction, an additional mandatory sentence of 60 months had to be imposed to run consecutively to any sentence imposed on Counts 1 and 3. The

defendant therefore faced a potential sentence of 123 to 138 months. Following the sentencing hearing, the Court imposed a sentence on Counts 1 and 3 that varied from the Guidelines, and sentenced the defendant to 46 months on Counts 1 and 3, followed by a 60-month consecutive sentence on Count 2. The period of incarceration imposed therefore totaled 106 months. This Memorandum Opinion explains the reasons for this variance.

Following *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are "effectively advisory." A court must consider Guidelines ranges, but is permitted "to tailor the sentence in light of other statutory concerns as well." *Id.* at 245-46 (citing 18 U.S.C. § 3553(a)). Pursuant to § 3553, a court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

With respect to the nature and circumstances of the offense, it is significant that the quantity of drugs at issue is relatively small (*i.e.*, 3.6 grams).[1] But even more importantly, the

---

[1] While not determinative, it is noteworthy that if defendant had possessed powder instead of crack cocaine, he would have faced 27 to 33 months instead of 63 to 78 months. In addition, had defendant been charged in Superior Court, as opposed to federal court, he would not have faced a five-year mandatory sentence.

history and characteristics of the defendant support a variance. As explained by defense counsel, defendant's criminal history appears to be more serious than would otherwise be the case because of the lengthy periods of rehabilitation that were imposed as a result of defendant's juvenile adjudications. Thus, while his criminal history may not be overstated within the meaning of § 4A1.3(b), his criminal history has been adversely impacted by the fact that his prior convictions were for juvenile, instead of adult, offenses. Defendant's psychiatric history and extraordinarily difficult family situation also argue in favor of a variance.

Finally, and perhaps most importantly, the Court considers a sentence of almost nine years for the conduct at issue to afford more than "adequate deterrence" and to provide "just punishment." Such a sentence is certainly a lengthy one and more than adequately reflects the seriousness of the offense and promotes respect for the law. A longer sentence is simply not necessary to comply with the purposes to be served under 18 U.S.C. § 3553(a)(2).

*Ellen S. Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: January 15, 2007

-3-